### PEOPLE v. TOLEDO.

(Supreme Court, Special Term, New York County. June, 1911.)

CRIMINAL LAW (§ 1073*)—TRIAL—JURY—CERTIFICATE OF REASONABLE DOUBT.

During adjournment, after the evidence had been all introduced, one of the jurymen was seriously injured, whereupon it was agreed between the assistant district attorney and the defendant's attorney that a juror be deemed withdrawn, that the trial so far as it had taken place should be declared a mistrial, that the 11 jurors be resworn, that a new juror be impaneled and sworn to take the place of the absent juror, that the testimony theretofore taken be read to the entire jury, and that both sides then sum up, and the court charge the jury in the usual manner. This practice was carried out, and defendant convicted. *Held* that, since all the jurors had not had the benefit of the testimony as given by the witnesses, the legality of the procedure was sufficiently doubtful to entitle accused to a certificate of reasonable doubt.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2730; Dec. Dig. § 1073.*]

Rafael Toledo was convicted of subornation of perjury, and applies for a certificate of reasonable doubt. Granted.

Bennet & Cooley (William S. Bennet, of counsel), for the motion.

Charles S. Whitman, Dist. Atty. (Stanley L. Richter, of counsel), opposed.

GIEGERICH, J. This is an application for a certificate of reasonable doubt. The defendant was convicted in the Court of General

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Sessions of the crime of subornation of perjury. He was sentenced to state prison for not less than 2½ years nor more than 6½ years. The trial took place before a judge of the Court of General Sessions and a jury of 12 on the 15th, 16th, and 17th days of March, 1911. After the evidence was all in, on March 17th, the court declined to submit the case to the jury that night, and adjourned the further trial of the case until Monday morning, March 20th. On the adjourned day the court announced that one of the jurors was ill in the hospital and further adjourned the case for one week. On March 27th the assistant district attorney stated to the court that he had been informed by one of the physicians of the hospital where the juror had been taken that the juror had been seriously injured, and the doctor had expressed the opinion that he would not be able to be out in less than three weeks, and probably a month. Thereupon it was agreed between the assistant district attorney and the defendant's attorney that a juror be deemed to be withdrawn and that the trial, so far as it had taken place, should be declared a mistrial, and that the 11 jurors who had sat in the case before be resworn and remain in their places in the jury box, and that a new juror be impaneled and sworn to take the place of the absent juror, and that the testimony theretofore taken be read to the entire jury, including the new juror, and that both sides then sum up, and the court charge the jury in the usual manner. All this was agreed to by the assistant district attorney and by the defendant's attorney, and also by the defendant himself. The practice thus indicated was followed out, and the result was a verdict of guilty and a sentence of the accused as above indicated.

An examination of the decisions leads me to entertain grave doubts as to whether a conviction obtained in the manner above indicated should be allowed to stand. In Cancemi v. People, 18 N. Y. 128, one of the jurors was withdrawn during the trial under a stipulation signed in open court by the prisoner, his counsel, and the counsel for the people, which provided that the verdict in the case be rendered by and taken from the remaining 11 jurors. The Court of Appeals held that the consent of the prisoner and his trial by less than a full jury of 12 was a nullity, and the conviction was illegal. After calling attention to the broad distinction between civil suits and criminal prosecutions as respects the power of parties to waive rights, the court, in its opinion in that case, remarked that the right of a defendant in a criminal prosecution to affect by consent the conduct of the case should not be permitted to extend so far as to make radical changes in great and leading provisions as to the organization of the tribunals or the mode of proceeding prescribed by the Constitution and the laws. In the present case it is true that the verdict was rendered by 12 jurymen in the end; but one of those jurymen had not heard any of the testimony as it was given by the witnesses, and the case in principle is the same as though an attempt had been made to conduct a trial without any of the jurors seeing or hearing any of the witnesses, because, if there could be such a waiver as to 1 of the jurors, there might be as to 2 of them or all of them. As was said in the Cancemi Case, above cited, if the deficiency of 1 juror might be

waived, there appears to be no good reason why a deficiency of 11 might not be; and it is difficult to say why, upon the same principle, the entire panel might not be dispensed with, and the trial committed to the court alone.

Upon the authority of this decision of the Court of Appeals, I am clearly of the opinion that a certificate of reasonable doubt should be allowed in this case. Motion granted.